IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>        Petitioner,<br><br> vs.<br><br>BRENDA M. CASH,<br><br>        Respondent. | No. C 12-0381 LHK (PR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; MOTION FOR DISCOVERY; MOTION FOR HEARING<br><br>(Docket Nos. 5, 7) |

      Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his criminal conviction. Petitioner has requested appointment of counsel, discovery, and an evidentiary hearing. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). At this time, appointment of counsel is not mandated, and the interests of justice do not require appointment of counsel. Accordingly Petitioner's request is DENIED without prejudice.

      A habeas petitioner also is not entitled to discovery, as a matter of ordinary course. *See*

Order Denying Motions for Counsel, Discovery and Evid. Hrg
G:\PRO-SE\SJ.LHK\HC.12\Turner381motions.wpd

1  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  "A judge may, for good cause, authorize a party to
2  conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of
3  discovery."  Rule 6(a) of the Federal Rules Governing Section 2254 Cases.  However, Petitioner
4  asserts that his current incarceration status has impeded his ability to access legal materials.
5  Petitioner's circumstances do not show good cause as to why he should be afforded discovery at
6  this stage of his habeas proceedings.  Accordingly, Petitioner's motion for discovery is DENIED
7  without prejudice.
8       Finally, no evidentiary hearing appears necessary in this case, nor are any other
9  extraordinary circumstances apparent.  At this time, Petitioner's request for an evidentiary hering
10 is DENIED without prejudice.
11      This order terminates docket numbers 5 and 7.
12      IT IS SO ORDERED.
13 DATED:  5/29/12

LUCY H. KOH
United States District Judge