IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,            )<br>                                             )<br>           Petitioner,         )<br>                                             )<br>    v.                              )<br>                                             )<br>BRENDA M. CASH,                )<br>                                             )<br>           Respondent.        )<br>_____ ) | No. C 12-0381 LHK (PR)<br><br>ORDER GRANTING MOTION TO<br>DISMISS PETITION; DENYING<br>CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 14) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 conviction and sentence for first degree murder in the Superior Court of Contra Costa County. Concurrently, Petitioner filed a motion for equitable tolling. The Court denied Petitioner's motion for equitable tolling without prejudice as premature, and ordered Respondent to show cause why the petition should not be granted, or file a motion to dismiss on procedural grounds. Respondent filed a motion to dismiss the petition for writ of habeas corpus as untimely. Petitioner filed an opposition to the motion to dismiss, and although given an opportunity, Respondent did not file a reply. For the reasons stated below, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

**BACKGROUND**

According to the petition, on February 1, 2008, Petitioner was sentenced to a term of fifty-years to life in state prison. On June 1, 2009, the California Court of Appeal affirmed. (Resp. Ex. C.) On August 12, 2009, the California Supreme Court denied Petitioner's petition for review.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.12\Turner381mtdtime.wpd

(Resp. Ex. D.) On May 9, 2010, Petitioner filed a state habeas petition in the Superior Court. (Pet., Ex. C.) On June 9, 2010, the Superior Court denied the petition. (*Id.*) Petitioner filed the underlying federal petition on January 11, 2012. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, that date was 90 days after the judgment of conviction. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, Petitioner's conviction became final on November 10, 2009, and he had until November 10, 2010, to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's federal petition, filed on January 11, 2012, therefore, is untimely. In fact, Petitioner concedes that his petition is untimely, but asserts that he is entitled to tolling.

A.  <u>Statutory tolling</u>

The one-year statute of limitations is tolled under section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Assuming that Petitioner is entitled to statutory tolling

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.12\Turner381mtdtime.wpd           2

while exhausting his state court remedies, the statute was tolled from May 9, 2010 -- the date Petitioner filed his state court petition -- through June 9, 2010 -- the date the Superior Court denied it. (Pet., Ex. C.) The statute of limitations had run for 180 days. It began running again the following day, on June 10, 2010. Petitioner then had 185 days remaining (365 days minus 180 days) to file his federal petition. In other words, Petitioner had to have filed his federal petition on or before December 13, 2010. However, Petitioner did not commence this action until January 11, 2012 – more than one year after the statute of limitations deadline. Because statutory tolling does not render the petition timely, the Court must decide whether equitable tolling saves the petition.

B.     Equitable Tolling

Petitioner argues that he is entitled to equitable tolling because he is mentally incompetent, he was placed in administrative segregation and lacked access to adequate legal materials, and was without his legal papers. He further argues that he has been diligently pursuing his rights.

Petitioner does not meet his burden of demonstrating that a basis for such tolling exists. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Supreme Court has determined that section 2244(d), is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562. The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

First, in support of his argument that he is entitled to equitable tolling, Petitioner alleges that he suffers from mental incompetence. However, Petitioner does not set forth any specific dates or circumstances to demonstrate how his mental state caused him to be unable to file a federal petition on time. *Gaston*, 417 F.3d at 1034-35. Moreover, eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test. "First, a petitioner must show his mental

impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092, 1099-100 (9th Cir. 2010) (citations and footnote omitted). "Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.* at 1100. Here, outside of Petitioner's own self-serving and vague statement that he is mentally incompetent, Petitioner has submitted no evidence to satisfy his burden to show that he was, in fact, mentally impaired. Petitioner does not allege that he was unaware of the statute of limitations. He also does not demonstrate that his mental state was the cause of his inability to prepare and send a habeas petition on time. Indeed, the evidence shows that Petitioner was competent enough to file administrative grievances in which he complained about not receiving enough time to access the law library or obtain sufficient copies, and Petitioner managed to obtain declarations in support of his opposition to Respondent's motion to dismiss. It appears that Petitioner's "mental impairment" also did not negatively affect his ability to file his state habeas petition in Superior Court. Without a non-frivolous showing that Petitioner had a severe mental impairment during the relevant time period, or that such impairment made it impossible for him to meet the filing deadline, the Court concludes that Petitioner is not entitled to equitable tolling based on mental incompetency. *See id.* at 1100-01.

Second, Petitioner argues that being placed in administrative segregation on October 28, 2009, resulted in him receiving restricted access to the law library and legal reference materials. Without more, this claim is not persuasive. The Ninth Circuit has clearly stated, "Ordinary prison limitations on [petitioner's] access to the law library and copier . . . were neither "extraordinary" nor made it "impossible" for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule . . . ." *Ramirez*, 571 F.3d at 998. As in *Ramirez*, Petitioner offers no explanation regarding how his placement in administrative segregation or his restricted law library access made it impossible for him to file a timely federal petition. *See id.*; *see, e.g.*, *Chaffer v. Prosper*, 592 F.3d

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.12\Turner381mtdtime.wpd        4

1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").

Further, Petitioner has failed to show a causal connection between his alleged inability to file a timely federal petition and his restricted access to the law library or administrative segregation placement. Between October 28, 2009 and December 13, 2010, Petitioner was actively litigating at least two other federal actions: (1) *Turner v. Martinez Police Department*, No. 10-5492 CW (N.D. Cal. filed March 2, 2010), and (2) *Turner v. Sheriff of Sacramento*, No. 09-0117 WBS KJN (E.D. Cal. filed Dec. 16, 2008). Certainly, if Petitioner had the time and ability to litigate these other federal lawsuits, the fact that he was in administrative segregation and had restricted access to legal materials and the law library should not have prevented him from being able to comply with the statute of limitations to file a timely federal petition for writ of habeas corpus in this case. *See Gaston*, 417 F.3d at 1034-35; *see also Ramirez*, 571 F.3d at 998 (considering fact that prisoner made substantial legal filings in state court during relevant time period in concluding that limited law library and copier access did not make it impossible for him to file federal petition on time).

Third, Petitioner alleges that he was without his own legal papers. Specifically, Petitioner states that on June 26, 2010, he was deprived of all his legal property during a cell extraction. (Pet., Ex. D.) Petitioner claims that his legal property was not returned for eleven months. (*Id.*) Although a petitioner may be entitled to tolling if he is denied access to legal papers despite his repeated requests for them, *see, e.g.*, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005); *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002), Petitioner's situation is different. Petitioner has not demonstrated a causal connection between his need for his legal property, and his inability to file his federal petition on time. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009) (affirming the denial of equitable tolling, and stating, "[Petitioner] does not point to specific instances where he needed a particular document, could not have kept that document within his permitted three boxes had he been cooperative, and could not have procured that particular document when needed"). A review of Petitioner's federal petition reveals that it raises the same three claims that Petitioner raised in his direct appeal. In fact, Petitioner's federal petition is almost a verbatim copy of Petitioner's state appellate briefs, which had been prepared by counsel.

(Resp. Exs. A, D.) Based on the substance of Petitioner's federal petition, Petitioner clearly did not need any other legal papers besides his state briefs, which he concedes he received by January 11, 2011 -- one full year before he filed his federal habeas petition. (Opp. at 4.)[1]

Petitioner argues, however, that even after receiving a copy of his California Supreme Court petition in January 2011, he believed he needed his trial transcripts in order to proceed. (Opp. at 5.) However, Petitioner's ignorance of the legal process does not amount to the sort of extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Moreover, on August 3, 2010, the Superior Court had informed Petitioner that he could receive a copy of his transcripts by requesting it from his appellate attorney, or requesting it from the court reporter. It does not appear that Petitioner pursued either course of action. Because Petitioner fails to show what extraordinary circumstances *prevented* him from filing a timely federal petition, he is not entitled to equitable tolling.

Even assuming that Petitioner would be entitled to receive equitable tolling from June 26, 2010 (the date Petitioner was without his legal property) through June 6, 2011 (the date Petitioner received his legal property and was able to reorganize it) (Opp. at 5), the statute of limitations would have run on December 18, 2011. Petitioner's federal petition would still be untimely.[2]

**CONCLUSION**

Respondent's motion to dismiss the petition is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in

---

[1] The Court refers to the pagination as assigned by ECF.

[2] To the extent Petitioner argues that he is also entitled to statutory tolling from August 1, 2011, the date Petitioner filed a state habeas petition in the California Court of Appeal (Resp. at 6), through August 5, 2011, the date the appellate court denied it (Opp. at 36), the additional five days does not make Petitioner's petition timely. To the extent Petitioner argues that he is entitled to "gap" tolling between his Superior Court habeas petition and his state appellate habeas petition, the Court is unpersuaded that an unjustified delay of almost 14 months would be "reasonable." *See Evans v. Chavis*, 546 U.S. 189, 194-95 (2006); *see Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (holding that unexplained, and hence unjustified, delays of 115 and 101 days between California habeas petitions were not reasonable to permit gap tolling between petitions).

its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set out above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: 12/17/12

LUCY H. KOH
United States District Judge